UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY<br>IN THE CITY OF NEW YORK; LEE C.<br>BOLINGER; JANE E. BOOTH; PATRICIA S.<br>CATAPANO; ANDREW SCHILLING,<br><br>                    Defendants. | 21-CV-1697 (CM)<br><br>ORDER TO AMEND |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this *pro se* complaint, invoking the Court's federal question and diversity

jurisdiction. He alleges that in 2019, the Trustees of Columbia University in the City of New

York (hereinafter "Columbia University") agreed to refund $35,799.80 to him but erroneously

reported the refund as income on an Internal Revenue Service 1099-MISC form. Two weeks

passed before Plaintiff received corrected tax forms. Plaintiff moves to proceed anonymously in

this action.

For the reasons set forth below, the Court denies Plaintiff's request to proceed

anonymously and grants Plaintiff leave to amend his complaint.[1]

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[1] Plaintiff filed two amended complaints on March 30, 2021, and two more on March 31, 2021. (ECF Nos. 5-8.)  The Federal Rules of Civil Procedure do not provide for a plaintiff to file multiple complaints as of right. *See* Fed. R. Civ. P. 15. These complaints are therefore stricken from the record, though Plaintiff has an opportunity to file an amended complaint as set forth herein.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.

Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff attended Columbia University from 2008 to 2012, when he graduated. On an unspecified date, he filed suit against Columbia University for "10 years of financial fraud and negligence carried out by Columbia University." (ECF 1 at 2, ¶ 7.) During settlement negotiations, Plaintiff told Columbia University's attorney, Andrew Schilling, that Plaintiff had Asperger syndrome.

On October 29, 2019, the parties reached a settlement, and Columbia University agreed to return $35,799.80, that Plaintiff "believed the University fraudulently induced him into paying." (*Id.* at 3, ¶ 9.) Plaintiff "stated his strong preference to receive this amount back as a refund," but "[d]espite the contract stipulation that Columbia would return the $35,799.80 as a refund (nontaxable), [it] erroneously reported this refund as income on Plaintiff's 1099-MISC tax form." (*Id.* at ¶¶ 9-10.) "Columbia was aware that this would exacerbate Plaintiff's health given how he previously handled similar financial practices in the past and their awareness of his propensity to fixate on things he finds unfair (due to his Asperger syndrome)." (*Id.* at ¶ 10.)

In the spring and summer of 2020, Plaintiff sent "a series of emails and tweets to Defendants (including members of the Trustees and their colleagues) . . . ." (*Id.* at 5, ¶ 24.) Columbia University sent Plaintiff's parents a letter on July 21, 2020, noting that Plaintiff "had a health condition that caused him to act in ways that Plaintiff 'cannot fully control'" and that it was "concerned about Plaintiff." (*Id.*)

Plaintiff discovered the tax reporting issue on February 24, 2020, and he notified Columbia University the same day. (*Id.* at 6, ¶ 25.) Less than two weeks later, he received a corrected tax form. (*Id.* at 5, ¶ 23.) Plaintiff has "indicated to Defendants Lee C. Bollinger, Jane E. Booth, Patricia S. Catapano, and Andrew W. Schilling that [he] spends hours a day thinking about the situation." (*Id.*) Plaintiff argues that, given Columbia University's awareness of

3

Plaintiff's health condition, it "should have known that any further instance of fraud or negligence would impose severe mental anguish." (*Id.*)

Plaintiff sues Columbia University, its President, Lee C. Bollinger, and attorneys Andrew Schilling, Jane E. Booth, and Patricia S. Catapano. Plaintiff contends that Defendants violated his rights under the Rehabilitation Act, the Americans with Disabilities Act (ADA), and the New York City Human Rights Law because issuing the incorrect form to him discriminated against him as a person with Asperger syndrome. Plaintiff also asserts state law claims for breach of contract, intentional and negligent infliction of emotional distress, and deceptive practices in violation of New York's General Business Law. Plaintiff alleges that he is domiciled in Florida, and that all Defendants are citizens of New York. Plaintiff seeks $50 million in damages and moves to proceed anonymously in this action.

## DISCUSSION

### A.     Request to Proceed Anonymously

Rule 10(a) of the Federal Rules of Civil Procedure provides that the "title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). A plaintiff's use of a pseudonym in civil litigation "must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. When determining whether a litigant can proceed under a pseudonym, courts consider, among other things, the following factors:

> (1) whether the litigation involves matters that are 'highly sensitive and [of a] personal nature,' (2) 'whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties,' (3) whether identification presents other harms and the likely severity of those harms, including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,' (4) whether the plaintiff is particularly vulnerable to the possible harms of

disclosure, particularly in light of his [or her] age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his [or her] identity, (9) 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities,' and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff

*Id.* at 190 (internal citations omitted, alterations in original). "[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests." *Id.*

First, this litigation involves Plaintiff's allegations that Defendants issued the wrong tax forms but promptly rectified the problem. Although Plaintiff divulges personal details in his complaint and alleges that publicly litigating this matter is embarrassing, uncomfortable, and likely to damage his employment prospects, courts routinely reject such allegations as insufficient. *See, e.g., Doe v. Delta Airlines, Inc.*, No. 13-CV-6287 (PAE), 2015 WL 5781215 at *2 (S.D.N.Y. Oct. 2, 2015) (plaintiff's argument that she would be harmed in her "reputation and finances" if it was revealed that she was arrested for public intoxication did not outweigh the presumption of access).

Second, Plaintiff does not plead any facts suggesting that disclosing his identity poses a risk of retaliation to himself or others. Third, this is not an action where "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." Fourth, Plaintiff alleges that he is 31 years old, and the Court therefore concludes that his age does not make him particularly vulnerable to the possible harms of disclosure. Fifth, Plaintiff challenges the actions of private parties – not the government. Sixth, it is unclear whether there is any harm to Defendants in allowing Plaintiff to proceed anonymously, though the usual presumption of

public access would seem to apply. Seventh, although Plaintiff did not submit his motion to proceed anonymously when he filed his initial complaint, it appears that his initial complaint has thus far been kept confidential. Plaintiff does indicate, however, that he has been emailing and tweeting messages to trustees of Columbia University and their colleagues about matters involved in this litigation. Eighth, this appears to be the usual case where the public's interest in the litigation is furthered by requiring Plaintiff to disclose his identity. Ninth, nothing about this action suggests an unusually "weak public interest" in knowing the plaintiff's identity. Tenth, the Court is unaware of alternatives to disclosing Plaintiff's identity that would satisfy the competing interests at issue.

After considering these factors, the Court concludes that Plaintiff's allegations are insufficient to overcome the general presumption that the identity of the parties to a lawsuit is public information. The Court therefore denies Plaintiff's motion to proceed anonymously.

**B.    Federal Claims for Disability Discrimination**

Plaintiff asserts claims for disability discrimination in violation of the Rehabilitation Act and the ADA.[2] Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

To state a claim of discrimination under the Rehabilitation Act or the ADA, a plaintiff must allege "(1) that [he] is a qualified individual with a disability; (2) that the defendants are

---

[2] The statute consists of three parts: Title I, 42 U.S.C. § 12111 *et seq.*, which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131 *et seq.*, which prohibits discrimination by public entities; and Title III, 42 U.S.C. § 12181 *et seq.*, which prohibits discrimination in access to public accommodations. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001).

subject to one of the Acts; and (3) that [he] was denied the opportunity to participate in or benefit

from defendants' services, programs, or activities, or was otherwise discriminated against by

defendants, by reason of [his] disability." *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 85

(2d Cir. 2004) (internal quotation marks and alterations omitted); *accord Shomo v. City of N.Y.*,

579 F.3d 176, 185 (2d Cir. 2009). With respect to the third element, "a plaintiff can base a

disability discrimination claim on any of 'three available theories: (1) intentional discrimination

(disparate treatment); (2) disparate impact; and (3) failure to make a reasonable

accommodation.'" *Brief v. Albert Einstein Coll. of Med.*, 423 Fed. App'x 88, 90 (2d Cir. 2011)

(quoting *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009)).

      In a case with some similarities to this one, the plaintiff asserted claims under the ADA

and Rehabilitation Act against the City of New York, alleging that his Asperger syndrome led to

"an extreme obsession ... with trains and buses" that caused him to commit nonviolent crimes.

*McCollum v. City of New York*, No. 16-CV-5272 (LDH), 2020 WL 6945928 (E.D.N.Y. Nov. 25,

2020). Plaintiff asserted that he was being punished for criminal conduct directly resulting from

his disability. The district court rejected these claims, holding that the plaintiff did not allege that

he was treated differently than others who committed criminal conduct. "Rather, he alleges that

the existence of his mental health condition required Defendants to operate outside of the normal

course. In other words, Plaintiff's true complaint is 'not that he was treated differently, but that he

*should have been treated* differently.'" *Id.* at *3 (citing *Sims v. City of New York*, 2018 U.S. Dist.

LEXIS 212966 at *8 (S.D.N.Y. Dec. 17, 2018) (emphasis in original)).

      Similarly, Plaintiff does not allege that Columbia University, in issuing a particular type

of tax form, treated him differently from other individuals without disabilities who received

refunds. Rather, he alleges that Defendants improperly issued the tax document despite having

been informed of his Asperger syndrome and being aware that this would exacerbate his health issues. (ECF 1 at 3, ¶ 10; *Id.* at ¶ 23 ("Plaintiff was utterly shocked that, after nearly a decade of encountering what he believed was fraudulent and negligent financial practices, the University would subject him to further harmful financial practices that the University knew would exacerbate his emotional well-being (especially given his self-reported disclosure of Asperger syndrome to the University).")). In other words, Plaintiff's true complaint is "not that he was treated differently, but that he *should have been* treated differently." *McCollum*, 2020 WL 6945928, at *3 (citation omitted). Allegations that Defendants should not have issued an certain type of tax form because they should have known that this "would exacerbate his emotional well-being" are simply not cognizable as discrimination claims under the ADA or the Rehabilitation Act.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it seems unlikely, it is possible that Plaintiff can allege additional facts to state a valid federal claim, and the Court therefore grants Plaintiff 30 days' leave to amend his complaint to detail his federal claims.

If Plaintiff chooses to file an amended complaint, he should plead facts stating a claim under the standards set forth above, including showing that he was treated differently from

nondisabled individuals. If Plaintiff does not file an amended complaint, the complaint will

proceed as to the state law claims under the Court's diversity jurisdiction.

If Plaintiff chooses to file an amended complaint, in the "Statement of Claim" section of

the form, Plaintiff must provide a short and plain statement of the relevant facts supporting each

claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must

provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff

wants the Court to consider in deciding whether the amended complaint states a claim for relief.

That information should include:

a.  the names and titles of all relevant people;

b.  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c.  a description of the injuries Plaintiff suffered; and

d.  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

"[A] plaintiff who has privacy concerns has the option of either not commencing or

discontinuing the action rather than revealing his or her identity to the world." *Abdel-Razeq v.

Alvarez & Marsal, Inc.*, No. 14-CV-5601 (HBP), 2015 WL 7017431, at *2 (S.D.N.Y. Nov. 12,

2015). Because the Court denies Plaintiff's motion to proceed anonymously, if Plaintiff proceeds

with this action, either by filing an amended complaint or proceeding with the state law claims in

his initial complaint, his true name and unredacted complaint will be available to the public on

the docket and on PACER.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. The Court denies Plaintiff's motion to proceed anonymously. (ECF No. 3.) If Plaintiff

proceeds with this action, his true name and unredacted pleadings will be available to the public

on the docket and on PACER.

The Court dismisses the federal claims in Plaintiff's complaint (ECF No. 1) for failure to

state a claim on which relief can be granted. Plaintiff's amended complaints, filed March 30 and

31, 2021 (ECF Nos. 5-8), are stricken.

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within thirty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 21-CV-1697 (CM). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff does not file an amended

complaint, the complaint (ECF 1) will proceed as to the state law claims under the Court's

diversity jurisdiction.

SO ORDERED.

Dated:    April 1, 2021
          New York, New York

_____
                COLLEEN McMAHON
          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                          State              Zip Code

_____        _____
Telephone Number                      Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                                State                    Zip Code

Defendant 2:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                                State                    Zip Code

Defendant 3:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                                State                    Zip Code

Defendant 4:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                            State                   Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Street Address

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.